ORIGINAL

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LEE HOLCOMB, individually and on behalf of and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) WAL-MART STORES, INC., ) ) Defendant. ) | CIVIL ACTION NO. CV400-118 |

### DEFENDANT WAL-MART STORES, INC.'S ANSWER TO COMPLAINT

Wal-Mart Stores, Inc. ("Defendant") files this Answer to Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted to a class of individuals and to the extent that it alleges that hourly employees were forced to reduce work hours on days following overtime shifts, and to the extent that it alleges Defendant's actions were knowing and in reckless disregard for the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

## SECOND AFFIRMATIVE DEFENSE

The Complaint does not comply with the requirements for a collective action under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and should therefore be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Twenty-nine (29) U.S.C. § 216(b) is the exclusive means for bringing a collective action under the Fair Labor Standards Act.

## FOURTH AFFIRMATIVE DEFENSE

The named Plaintiff is not similarly situated to other potential members of the putative class and is therefore not a proper representative.

## FIFTH AFFIRMATIVE DEFENSE

The putative Plaintiffs cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated.

## SIXTH AFFIRMATIVE DEFENSE

Rule 23 of the Federal Rules of Civil Procedure is not applicable to a collective action under the Fair Labor Standards Act.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith

and with reasonable grounds for believing that any alleged act or omission was not in violation of the Fair Labor Standards Act.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the limitations periods set forth in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

### NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the exemptions, exclusions, exceptions, and credits provided in Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207.

### TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the exemptions provided in Section 13 of the Fair Labor Standards Act, as amended, 29 U.S.C. § 213.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because some or all of the actions taken by Defendant were taken in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

### FOURTEENTH AFFIRMATIVE DEFENSE

No act or omission of Defendant alleged to have violated the FLSA was wilful within the meaning of 29 U.S.C. § 255.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate damages, if any were sustained.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims may be barred by the doctrines of waiver, estoppel, ratification, acquiescence, accord and satisfaction, settlement, consent agreement, payment and release, or unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant answers the numbered paragraphs of the Complaint as follows:

### I. PARTIES AND JURISDICTION

1.   Defendant admits the allegations of paragraph 1 of the Complaint.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant admits that Wal-Mart has a district office located in Chatham County, Georgia, but denies the remaining allegations of paragraph 3 of the Complaint.

4. Defendant admits that jurisdiction is proper in federal district court and that appropriate venue is in the United States District Court for the Southern District of Georgia, Savannah Division.

## II. ALLEGATIONS

5. Defendant incorporates by reference its responses to paragraphs 1-4 as if specifically set forth herein.

6. Defendant admits only that paragraph 6 purports to bring this action as a class action on behalf of himself and others, but denies that he or others have been subjected to employment practices that violate a statute referred to as the Fair Labor Practice Act or any other state or federal statute. Defendant denies the remaining allegations of paragraph 6 of the Complaint.

## III. CLASS ACTION ALLEGATIONS

7. Defendant incorporates by reference its responses to paragraphs 1-6 herein as if specifically set forth herein.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

## IV. FLSA ALLEGATIONS

9. Defendant incorporates by reference its responses to paragraphs 1-8 herein as if specifically set forth herein.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of the first sentence of paragraph 11 of the Complaint. Defendant further denies that a class of Plaintiffs has been properly plead and denies that Defendant engaged in any illegal activities. Defendant admits that any claim the Complaint purports to make is for less than $74,900.00.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

The prayer for relief does not contain any allegations to which Defendant is required to respond, but if it does Defendant denies that Plaintiff is entitled to any relief whatsoever.

Defendant expressly and specifically denies each and every allegation in the Complaint not expressly and specifically admitted above.

WHEREFORE, having fully answered the Complaint, Defendant respectfully urges the Court to deny the Plaintiff the relief sought, to dismiss the Complaint in its entirety, and to grant to Defendant the reasonable costs incurred in the defense of this action.

This 12th day of May, 2000.

                Respectfully submitted,

                */s/ Homer L. Deakins, Jr.*
                Homer L. Deakins, Jr.
                Georgia Bar No. 214300
                Martha C. Perrin
                Georgia Bar No. 572506
                Dara L. DeHaven
                Georgia Bar No. 216250

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
600 Peachtree St., Suite 2100      Attorneys for Defendant
Atlanta, Georgia 30308            Wal-Mart Stores, Inc.
(404) 881-1300; (404) 870-1732 FAX

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LEE HOLCOMB, individually and on behalf of and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | CIVIL ACTION<br>NO. CV400-118 |

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing Defendant Wal-Mart Stores, Inc.'s Answer to Complaint has been served upon:

Lloyd Murray, Esq.
Lloyd Murray & Associates
Post Office Drawer E
Pembroke, Georgia 31321

Brent J. Savage, Esq.
Robert Scot Kraeuter, Esq.
Savage & Turner, P.C.
304 East Bay Street
Post Office Box 10600
Savannah, Georgia 31412-8969

Steven E. Scheer, Esq.
Lee, Black, Scheer & Hart, P.C.
24 Drayton Street
10th Floor
Savannah, Georgia 31412

Dated this 15th day of May, 2000.

_____
Homer L. Deakins, Jr.
Georgia Bar No. 214300

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
600 Peachtree St., Suite 2100
Atlanta, Georgia 30308